IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO REDUCE SENTENCE** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:11-cr-139(1) |
| Craig Joseph Thompson, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Craig Joseph Thompson moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. Doc. 396. The United States opposes the motion. Doc. 400. For the reasons below, the motion is denied.

In 2012, Thompson pleaded guilty to participating in a methamphetamine distribution conspiracy in violation of 21 U.S.C. § 846. Docs. 180, 181, 182. The presentence investigation report calculated his sentencing range as 188 to 235 months, based on a total offense level of 31 and a criminal history category VI. Doc. 237. He had 22 criminal history points for past convictions, plus an additional 2 status points under United States Sentencing Guideline § 4A1.1(d), for a total of 24 criminal history points. Id. But Thompson also faced a mandatory life sentence. Id. At sentencing, the district court sentenced him to 276 months in prison, below the life mandatory minimum. Doc. 275. In 2016, Thompson filed a motion under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 782 to the United States Sentencing Guidelines. Doc. 327. His sentencing range was reduced to 151 to 188 months, and his sentence was reduced from 276 to 220 months in prison. Docs. 336, 337.

Under 18 U.S.C. § 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." Dillon v. United States, 560 U.S. 817, 828 (2010). But the exception is limited; it "does not authorize a resentencing." Id. at 831. "It permits a sentence reduction within the narrow bounds established by the Commission." Id. In deciding whether to reduce a sentence based on a retroactive amendment to the United States Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the reduction authorized by the amendment and then consider whether such a reduction is warranted under 18 U.S.C. § 3553(a). Dillon, 560 U.S. at 826.

Thompson generally seeks a sentence reduction under Part A of Amendment 821, but he is ineligible for relief. First, the record shows that Thompson's sentence was not "based on" the advisory guideline range—it was based on the applicable mandatory minimum of life and reduced from there to 276 months. The United States Supreme Court held in Koons v. United States that defendants whose sentences were "based on their mandatory minimums and on their substantial assistance to the Government" "do not qualify for sentence reductions under § 3582(c)(2) because their sentences were not 'based on' their lowered Guidelines ranges." 138 S.Ct. at 1788. Per Koons, and because Thompson's sentence was not "based on" a sentence range later lowered by the Sentencing Commission, he is not eligible for a sentence reduction under § 3582(c)(2).

Second, even if Thompson was eligible for a reduction, Part A of Amendment 821 provides no relief because it does not lower his sentencing range. This portion of Amendment 821 lowers the number of "status points" received under United States Sentencing Guideline § 4A1.1 for individuals who commit their offense while under a criminal justice sentence. Applying the new provision to Thompson, he would receive 1 status point instead of 2, reducing his total criminal history points from 24 to 23. But even with 23 criminal history points, Thompson remains squarely within criminal history category VI. So, his sentencing range is unaffected by the status point reduction. Because his sentencing range was not "subsequently . . . lowered by the Sentencing Commission," Amendment 821 does not authorize a sentence reduction.

After extensive review the entire record and the relevant legal authority, Thompson's motion to reduce sentence (Doc. 396) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of February, 2024.

> */s/ Peter D. Welte*
> Peter D. Welte, Chief Judge
> United States District Court